## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PHILIP HAHN**, <br><br> *Plaintiff*, <br><br> v. <br><br> **SMITH, Chief Judge, et al.**, <br><br> *Defendants.* | Case No. 2:21-cv-00637-JDW |

### **MEMORANDUM**

"It is easy . . . to believe that what you desire is no less than what you deserve, to assume that if you want something badly enough, it is your god-given right to have it."[1] Philip Hahn believes that the Constitution guarantees him the right to present a claim to a jury, regardless of its legal merit. He's wrong, and federal and state courts have told him he's wrong. But he refuses to take "no" for an answer. In his latest effort, he has sued the active judges of the Third Circuit Court of Appeals for rejecting his arguments about the Seventh Amendment in a recent appeal and for refusing to hear him *en banc*. But wanting something badly enough doesn't make it so. Mr. Hahn's original claims lacked merit. His current lawsuit, which seeks to hold judges liable for dispatching their judicial duties, is even worse. The Court will dismiss his Complaint.

---

[1] JOHN KRAKAUER, INTO THE WILD (Villard ed. 1996).

## I.     BACKGROUND

### A.     The Underlying Litigation(s)

Mr. Hahn is a frequent filer of lawsuits in this and other courts. This litigation odyssey apparently began when Mr. Hahn filed a case in New Jersey Superior Court. That court dismissed his claim in response to a motion to dismiss. It's not clear if Mr. Hahn appealed, but he did sue, naming as defendants the United States, the U.S. Supreme Court, the State of New Jersey, and five New Jersey judges, among others. The state court dismissed Mr. Hahn's claim in response to a motion to dismiss. The record does not reveal whether Mr. Hahn appealed.

Mr. Hahn then filed suit in the District of New Jersey, naming a litany of defendants that includes the United States, the U.S. Supreme Court, the State of New Jersey and various branches of its state government, the Bergen County Superior Court and several individual judges, and various municipal defendants. The district court granted motions to dismiss, explaining that the complaint "contains no discernable legal claims or any allegations that provide the Court or Defendants with sufficient information to discern what legal basis [Mr. Hahn] has for seeking relief." *Hahn v. State of N.J.*, Civ A. No. 18-17663(SDW)(LDW), slip. op. dated May 1, 2019 (ECF No. 26 at 2). The court also held that judicial immunity would bar the claims against the judges and the *Rooker-Feldman* doctrine would prevent a federal court from ruling on the propriety of a state court judgment. *See id.*

Mr. Hahn appealed that decision to the Third Circuit, arguing that the district court's decision violated his right to a jury under the Seventh Amendment by disposing of the case without submitting it to a jury. The court affirmed the district

2

court. *See Hahn v. N.J.*, 803 F. App'x 667 (3d Cir. 2020). Mr. Hahn petitioned for rehearing *en banc*, and the court denied that request in an order dated July 14, 2020.

**B.     This Litigation**

In December 2020, Mr. Hahn filed a *pro se* complaint in the Philadelphia Court of Common Pleas against the United States and thirteen of the active judges of the U.S. Court of Appeals for the Third Circuit. In his complaint, he alleges that the Third Circuit Judges "failed to put all issues of fact with regard to the plaintiff's motion for an en banc review . . . to a jury of 12 . . . ." (ECF No. 1-4 at ¶ 16.) It is unclear whether he is also alleging tort claims or claims for injunctive relief against the Third Circuit Judges. (*See id.* at ¶¶ 16-18.) Mr. Hahn seeks money damages, including "filing fees paid" and "other liquidated damages," as well as "any other relief the Court finds to be just and proper." (*See id.* at ¶ 19.)

On February 11, 2021, the United States (on its own behalf and on behalf of the Third Circuit Judges in their official capacities) removed the case to this Court. (*See* ECF No. 1.) On February 18, 2021, the United States filed this Motion to Dismiss the claims against the United States and the Third Circuit Judges in their official capacity, pursuant to Federal Rule of Civil Procedure 12(b)(1). That same day, the United States filed a Statement of Interest, asking the Court to dismiss Mr. Hahn's claims against the Third Circuit Judges in their individual capacities *sua sponte*. (ECF No. 5). Mr. Hahn responded by letter, arguing only that Defendants have to put their claims to a jury. The Motion is now ripe for decision.

## II.   LEGAL STANDARD

A court may treat a motion under Rule 12(b)(1) "as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). For a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* "Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)[.]" *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). Where, as here, a movant files a motion to dismiss before it files any answer to the Complaint or otherwise presents competing facts, its motion is "by definition, a facial attack." *Id.*

Under Rule 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. First, the court must identify the elements needed to set forth a particular claim. *Id*. at 787. Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *Id.* Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief."

*Id*. The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id*. at 790.

Separately, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). To put it another way, federal courts have "an independent obligation to determine whether subject-matter jurisdiction exist[s]." *Guerra v. Consol. Rail Corp.*, 936 F.3d 124, 131 (3d Cir. 2019). Where it does not have subject matter jurisdiction, the court must *sua sponte* dismiss an action or claim.

### III. ANALYSIS

#### A. Damages Claim Against The Judges In Their Official Capacity

A lawsuit against a government officer in his official capacity is a suit against the United States. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). To the extent Mr. Hahn seeks monetary damages against the Third Circuit Judges in their official capacity, he is, in essence, asserting claims against the United States. Absent an explicit waiver, sovereign immunity bars such claims. *See Brooks v. Bledsoe*, 682 Fed. App'x 164, 169 (3d Cir. 2017) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001)). The United States has not waived sovereign immunity for Mr. Hahn's claims. Because sovereign immunity bars claims against the United States or the Third Circuit Judges in their official capacities, the Court will dismiss the claims with prejudice.

5

### B. Negligence Claim Against The United States

Under the Federal Tort Claims Act, a plaintiff cannot bring a tort action against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). In other words, a plaintiff must first exhaust his administrative remedies before bringing an action in federal court. *See Lublin Corp. v. HUD*, No. 05-6785, 2006 WL 1117876, at *3 (E.D. Pa. Apr. 26, 2006) (non-compliance with FTCA limitations requires court to dismiss for lack of jurisdiction).

Construing the Complaint broadly, Mr. Hahn seems to assert negligence claims against the Third Circuit Judges in their official capacity. (*See* ECF No. 1-4, Ex. A, ¶ 18.) This would constitute a negligence claim against the United States. *See Graham*, 473 U.S. at 165-66. The United States has demonstrated that Mr. Hahn failed to exhaust his administrative remedies. (*See* ECF No. 9.) Mr. Hahn's assertion that he mailed "a copy of the complaint" to the Second Circuit does not satisfy the exhaustion requirements of the FTCA. (*See* ECF No. 11 at 2.) Because Mr. Hahn did not exhaust his administrative remedies, the Court will dismiss his negligence claim against the Third Circuit Judges in their official capacity and the United States.

### C. Equitable Relief Against The Judges In Their Official Capacity

The Third Circuit has held that "injunctive relief shall not be granted" in an action brought against a judicial official for an act or omission taken in a judicial

capacity, "unless a declaratory decree was violated or declaratory relief was unavailable." *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006). To the extent Mr. Hahn seeks injunctive relief against the Third Circuit Judges, the Judges were acting in their official capacities as Judges, and so such relief is denied. Because a party cannot seek injunctive relief against a judge acting in his judicial capacity the Court will dismiss with prejudice any claims for injunctive relief against the Third Circuit Judges.

**D.     Damages Claim Against The Judges In Their Individual Capacity**

The United States does not currently represent the Third Circuit Judges in their individual capacity and has therefore not moved to dismiss the claims against those Defendants in their individual capacity. However, "the Court possesses the inherent power to sua sponte dismiss [a party's] claims" under Rule 12(b)(1), "where the claims are completely devoid of merit," and particularly where "the Court finds it lacks subject matter jurisdiction over the Complaint, which the Court finds to be a collateral attack on a final judgment." *Gochin v. Thomas Jefferson Univ.*, No. 16-6153, 2017 WL 2152177, at *1 n.1 (E.D. Pa. May 17, 2017).

Judges, in their individual capacity, are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 10 (1991); *see Azubuko*, 443 F.3d at 303-04 (*per curiam*). A judge gives up that protection only if he performs a non-judicial act or acts in a "complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-13; *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000). Whether a judge's act is "judicial" in nature, and whether the judge is thus absolutely immune from a damages suit, turns

7

on, first, "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge," and, second, "the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12; *see Martinez v. United States*, No. 5:20-cv-1891, 2020 WL 1910256, at *6 (E.D. Pa. Apr. 20, 2020).

The Third Circuit Judges acted as judges in Mr. Hahn's case when they affirmed a decision of the district court and then denied Mr. Hahn's petition for rehearing. Mr. Hahn has not provided any facts suggesting the Third Circuit Judges acted in the complete absence of jurisdiction. Therefore, the Third Circuit Judges are immune from suit in their individual capacity. Because Mr. Hahn cannot show that the Third Circuit Judges performed non-judicial acts or lacked jurisdiction to hear the case, Mr. Hahn's claims against the Judges in their individual capacity are "completely devoid of merit."

Mr. Hahn does not dispute any of this. Instead, he doubles down on his position that he has an absolute right to have a jury hear his claims. But his arguments misunderstand the vital role that juries play. Juries resolve disputed issues of fact. Judges rule on questions of law. And, the Seventh Amendment allows for procedural devices that enable a judge to resolve a question of law before the case gets to the jury. *See Parkland Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 336 (1979); *Galloway v. United States*, 319 U.S. 372, 388-93 (1974) (directed verdict is constitutional); *Fidelity & Deposit Co. v. United States*, 187 U.S. 315, 319-21 (1902) (summary judgment is constitutional). As these cases make clear, Mr. Hahn does not have a right to have a jury resolve this dispute, however much he might want it.

## IV.   CONCLUSION

The right to a trial by jury is one of the fundamental rights of our legal system. But a litigant only has that right where he asserts a plausible claim. Courts act as gatekeepers to ensure that juries hear only genuine disputes of fact. Mr. Hahn's claim does not raise such a dispute. The Court will therefore grant the Motion to Dismiss and dismiss all claims in this case with prejudice, with the exception of the negligence claims, which the Court will dismiss without prejudice to permit Mr. Hahn to try to exhaust his administrative remedies. An appropriate Order follows.

**BY THE COURT**:

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

April 7, 2021